## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 12-313-RGA |
| THE EDWIN FULD LIFE INSURANCE TRUST, by and through its trustee, WILMINGTON SAVINGS FUND SOCIETY, FSB, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT THE EDWIN FULD LIFE INSURANCE TRUST'S MOTION TO DISMISS COMPLAINT**

ASHBY & GEDDES
Richard D. Heins (I.D. #3000)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
rheins@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel*:

Thomas F.A. Hetherington
Jarrett E. Ganer
EDISON, McDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580

Dated: July 6, 2012

{00648814;v1 }

# **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

II.   Summary of Argument................................................................................................. 2

III.  STATEMENT OF RELEVANT FACTS ................................................................. 3

IV.  ARGUMENT .............................................................................................................. 5

A.  Standard of Review .......................................................................................................... 5

B.  Choice of Law .................................................................................................................. 5

C.  Florida Law Does Not Permit Recovery of Premiums on Illegal STOLI Policies ............. 7

D.  Phoenix's Claim Is Timely Filed Under Delaware Law.................................................... 10

  1.  An Action for a Declaratory Judgment Based on Lack of Insurable Interest Is Not
Subject to a Limitations Period........................................................................................ 10

  2.  Even If the Court Applies Delaware's Three-Year Limitations Period, Phoenix's
Claim Was Filed Within the Limitations Period............................................................... 11

V.  CONCLUSION .......................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Aetna Ins. Co. v. King,*
265 So.2d 716 (Fla. 1st DCA 1972) ........................................................................ 7

*Am. Gen. Life Ins. v. Goldstein*,
741 F. Supp. 2d 604 (D. Del. 2010).......................................................................... 6

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)................................................................................................... 5

*Atkinson v. Wal–Mart Stores, Inc.,*
No. 8:08–CV–691–T–30TBM, 2009 WL 1458020 (M.D. Fla. May 26, 2009) ........... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................... 5

*Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*,
Civ. Act. No. 08-873-JJF, 2009 WL 2567002 (D. Del. Aug. 19, 2009)..................... 5

*EBS Litig., LLC v. Barclays Global Investors, N.A.*,
304 F.3d 302 (3d Cir. 2002)..................................................................................... 11

*Johnson v. Geico Cas. Co.*,
673 F. Supp. 2d 255 (D. Del. 2009).......................................................................... 11

*Klaxon Co. v. Stentor Electric Mfg. Co.*,
313 U.S. 487 (1941)................................................................................................... 5

*Knott v. State ex rel. Guar. Income Life Ins. Co.,*
186 So. 788 (Fla. 1939).............................................................................................. 7

*Krahmer v. Christie's, Inc.*,
911 A.2d 399, 407 (Del. Ch. 2006), *aff'd*, 925 A.2d 504 (Del. 2007)...................... 11

*Life Ins. Co. of Ga. v. Lopez,*
443 So.2d 947 (Fla.1983)........................................................................................... 7

*Lincoln Nat'l Life Ins. Co. v. Snyder*,
722 F. Supp. 2d 546 (D. Del. 2010)................................................................... 11, 12

*Lukenbach S.S. Co. v. United States*,
312 F.2d 545 (2d Cir. 1963)..................................................................................... 10

*Norman v. Elkin*,
Civ. Action No. 06-005-JJF, 2007 WL 2822798 (D. Del. Sept. 26, 2007) ................................... 6

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
38 F.3d 1380 (3d Cir. 1994) ................................................................................................ 5

*Penn Mutual Life Ins. Co. v. GreatBanc Trust Company et al.*,
No. 09-C-06366 (N.D. Ill. June 8, 2012) ............................................................................. 8

*PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*,
28 A.3d 1059 (Del. 2011) .................................................................................................. 10

*PHL Variable Insurance Co. v. The Edwin Fuld Life Insurance Trust
November 2007* ................................................................................................................. 9

*Principal Life Ins. Co. v. Mosberg*,
09-22341-CIV, 2010 WL 2509634 (S.D. Fla. June 18, 2010) .................................................... 7

*Pruco Life Ins. Co. v. Brasner ("Pruco I")*,
No. 10-80804-CIV, 2011 WL 134056 (S.D. Fla. Jan. 7, 2011) ................................................. 8

*Pruco Life Ins. Co. v. Brasner*,
No. 10-80804-CIV (S.D. Fla. Nov. 14, 2011) ....................................................................... 9

*Resnik v. Woertz*,
774 F. Supp. 2d 614 (D. Del. 2011) .................................................................................... 5

*Saudi Basic Indus. Corp. v. Mobil Yanbu Petro. Co.*,
866 A.2d 1 (Del. 2005) ..................................................................................................... 6

*Sec. Mut. Life Ins. Co. v. 1151 Little*,
178 S.W. 418 (Ark. 1915) .................................................................................................. 8

*Smith v. Mattia*,
Civ. No. 4498-VCN, 2010 WL 412030 (Del. Ch. Feb. 1, 2010) ................................................ 11

*TTSI Irrevocable Trust v. ReliaStar Life Ins. Co.*,
60 So. 3d 1148 (Fla. Dist. Ct. App. 2011) ................................................................... *passim*

*Whitwell v. Archmere Acad., Inc.*, 463 F. Supp. 2d 482 (D. Del. 2006) ..................................... 5

**Statutes**
DEL. CODE ANN. tit. 10, § 8106 ......................................................................................... 11
DEL. CODE ANN. tit. 10, § 8121 ......................................................................................... 6
FLA. STAT. ANN. § 627.404 (West) ..................................................................................... 7

Plaintiff PHL Variable Insurance Company ("Phoenix") respectfully submits this brief in opposition to the motion to dismiss (the "Motion") filed by Defendant the Edwin Fuld Life Insurance Trust (the "Trust"), by and through its trustee, Wilmington Savings Fund Society, FSB ("WSFS"), as successor in interest to Christiana Bank & Trust Company.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Phoenix brought this action seeking a declaratory judgment that the life insurance policy ("Policy") insuring the life of Edwin Fuld ("Mr. Fuld") is void *ab initio* because it was procured by the Trust as part of a prohibited stranger originated life insurance ("STOLI") scheme, lacked an insurable interest at inception, and is therefore an illegal wagering contract prohibited by the Delaware Constitution.   As set forth in Phoenix's Complaint, the Trust obtained the Policy, which functioned as a mere cover for an illegal wagering contract, through numerous fraudulent representations.

The Trust has filed a motion to dismiss the portion of the Complaint that seeks to retain all or a portion of the premiums paid on the Trust, a remedy expressly permitted under Florida law, which governs the Policy.  Through the Motion, the investor behind the Trust seeks to lock in the profits of the STOLI scheme at issue in this litigation.  In other words, while this case is in its infancy, the investors wagering on Mr. Fuld's life, in violation of Florida law and public policy, ask this Court to declare that the Trust must be made whole at Phoenix's expense without regard to the fraud perpetrated by and through the Trust, the inequity of the result, and the criminal conduct of the Trust in procuring the illegal Policy.  The Trust's position is supported by neither Florida law nor equitable principles.

## II.       <u>SUMMARY OF ARGUMENT</u>

The Trust expressly does not move to dismiss Phoenix's claim that the Policy is void *ab initio* for lack of insurable interest and as an illegal wagering contract.  (Motion, at p. 1 n. 1.) Rather, the Trust's Motion serves the limited purpose of seeking to lock-in the investors' profits on the wager placed on Mr. Fuld's life, by seeking to dismiss Phoenix's request for relief related to the disposition of the Policy premiums.  The Trust bases its Motion on the assertion that Phoenix's Complaint contains allegations of fraud, that fraud claims are time-barred by the Delaware statute of limitations, and that Phoenix's Complaint fails to raise facts sufficient to demonstrate that the statute of limitations has been tolled.

Notably absent from the Trust's Motion is an acknowledgment that, under Florida law, when a policy is declared void *ab initio* due to lack of insurable interest, there is no obligation to return premiums to the policy owner and, indeed, a court will not aid in the policy owner's efforts to recover premiums.  As Florida law expressly allows for the relief sought by Phoenix, the Trust's Motion must be dismissed.  Moreover, even if Florida law did not apply, an action seeking a declaration that an insurance policy is void as an illegal wagering contract is not subject to a statute of limitations.  Regardless, contrary to the Trust's assertions, Phoenix has pled facts sufficient to establish a tolling of any statute of limitations.  As such, the Trust's Motion should be dismissed.

III.      **STATEMENT OF RELEVANT FACTS**[1]

Once developed through discovery, the evidence will show that the Policy was obtained by the Trust as part of a prohibited STOLI scheme for the purpose of allowing investors to illegally place a $10,000,000 wager on Mr. Fuld's life.  (*See* Compl. ¶¶ 23, 30.)

On or about December 7, 2006, Phoenix received a written application ("Application") seeking the issuance of an insurance policy insuring Mr. Fuld's Life.  (*Id.* ¶ 17.)  The Application represented that the Trust was the proposed owner and sole beneficiary of the applied-for policy. (*Id.*)  In completing the Application, the Trust represented that Mr. Fuld had a net worth of $68,000,000 and other income of $6,900,000.  (*Id.* ¶ 19).  In other words, Mr. Fuld was financially qualified for and had a legitimate need for life insurance.  The Application also listed Fuld's residential address as 114 Turkey Creek, Alachua, Florida 32615.  (*Id.*)  The Trust further represented that there was no intention that any third-party would obtain any right, title, or interest in the applied-for policy, and that there would be no financing method used to pay premiums in order to facilitate a current or future transfer or assignment with respect to the benefits of the applied-for policy.  (*Id.*)  Along with the Application, the Trust executed a Statement of Client Intent ("SOCI"), which represented that the Policy was sought for legitimate insurance purposes, that premiums would not be financed, that the funds used to pay the premiums would not be contributed by the Trust, that the Policy was not being purchased with

---

[1]   In support of its Motion, the Trust improperly introduces facts outside of Phoenix's Complaint.  Specifically, the Trust alleges that the same insurance broker placed the Policy at issue in this case as placed the policy at issue in the prior Florida action.  The Court should disregard this allegation.

Additionally, the Trust references a lawsuit filed by the Trust and other trusts in the United States District Court for the Central District of California.  The investor behind these trusts has sought to avoid this Court's jurisdiction by improperly filing suit against Phoenix in California in the face of this and two other actions pending against trusts in this District (C.A. No.: 12-313-RGA and C.A. No.: 12-315-RGA).  Phoenix's time to respond to the California Complaint has not yet arrived.  Phoenix will respond to the meritless allegations in due course.

the intent of being transferred within the first five years of issuance, that there was no understanding or agreement that the Policy would be sold and/or transferred to a third party, and that neither Mr. Fuld nor any related individual or entity would receive any money or other inducement in connection with the Application for the Policy. (*Id.* ¶ 21.) The Policy was issued with a December 1, 2006 policy date. (*Id.* ¶ 23.)

Phoenix subsequently learned that the Trust made numerous fraudulent representations on the Application and SOCI regarding Mr. Fuld's net worth, income, the purpose of the insurance, source of funding, and whether there was an intent or understanding that a third-party would obtain an interest in the Policy. (*Id.* ¶ 23.) Phoenix discovered that Mr. Fuld did not have a net worth of $68,000,000 or an income of $6,900,000. (*Id.* ¶ 25.) In fact, Mr. Fuld is a former taxi driver with no significant estate, and the property listed as Mr. Fuld's residential address was not even actually his address. (*Id.*) The Policy was obtained for the purpose of acting as a cover for a prohibited wager on Mr. Fuld's life, lacks an insurable interest, and is an illegal contract. (*Id.* ¶ 35.) In support of its Motion, the Trust has attached an incomplete copy of the Policy to its Motion. Phoenix has attached, as Exhibits A and B, a copy of the Application Part I and the Policy Acceptance Form, which, per Section 22 of the Policy, is part of the Policy contract. These documents represent that they were signed by both Mr. Fuld and the Trust's trustee in Florida. *See* Exs. A, B.

In issuing the Policy, Phoenix has suffered damages, including payment of compensation to insurance brokers and internal costs in placing, administering and servicing the Policy. (*Id.* ¶ 32.) Phoenix has requested a declaration that the Policy is void *ab initio*, and has requested that Phoenix be permitted to retain either all premiums paid on the policy or a portion of the premiums equal to the damages Phoenix has suffered. (*Id.* p 11.)

## IV.        ARGUMENT

### A.     Standard of Review

When analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Resnik v. Woertz*, 774 F. Supp. 2d 614, 629–30 (D. Del. 2011).  Motions to dismiss under Rule 12(b)(6) should only be dismissed when the pleading fails to allege enough facts to state a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A claim meets the plausibility standard when the factual content contained within allows the court to draw a reasonable inference of the defendant's liability for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A statute of limitations defense may not be used in combination with a Rule 12(b)(6) motion to dismiss unless the complaint shows noncompliance on its face and the affirmative defense is clear from the pleading.  *Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*, Civ. Act. No. 08-873-JJF, 2009 WL 2567002, at *3 (D. Del. Aug. 19, 2009) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)).  As Phoenix's claim for a declaratory judgment does not show noncompliance with any applicable statute of limitations period on its face, the Trust's Rule 12(b)(6) motion was improperly combined with a statute of limitations defense and should be denied.

### B.     Choice of Law

The basis for this Court's jurisdiction is diversity of citizenship, so the Court must apply the choice of law rules of the forum state.  *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Whitwell v. Archmere Acad., Inc.*, 463 F. Supp. 2d 482, 485 (D. Del. 2006).

Under Delaware law, "the law of the place where an insurance contract was made governs the obligations imposed by such contract." *Am. Gen. Life Ins. v. Goldstein*, 741 F. Supp. 2d 604, 610 (D. Del. 2010). The Policy is a Florida form contract, applied for by the Trust, through its former trustee, an individual resident of Florida. *See* Policy, attached as Exhibit 1 to the Trust's Motion; Ex. A. The Application represents that it was signed in Florida by both the Trust's former trustee and by Mr. Fuld. *See* Ex. A. Similarly, the Policy Acceptance Form also represents that the Policy was delivered to the Trust and accepted in Florida. *See* Ex. B. The fact that the Trust subsequently changed trustees and relocated to Delaware does not alter the fact that Florida law governs the Policy.[2]

Under Delaware choice-of-law rules, questions regarding the statute of limitations are resolved as procedural rather than substantive issues; therefore, the law of the forum generally determines whether an action is barred by the statute of limitations. *Norman v. Elkin*, Civ. Action No. 06-005-JJF, 2007 WL 2822798, at *3 (D. Del. Sept. 26, 2007). For causes of action arising outside of Delaware, Delaware's borrowing statute may impose a foreign state's statute of limitations period if the limitations period of the foreign state is shorter than Delaware's limitations period. *See* DEL. CODE ANN. tit. 10, § 8121; *Saudi Basic Indus. Corp. v. Mobil Yanbu Petro. Co.*, 866 A.2d 1, 16 (Del. 2005) (declining to apply the borrowing statute when the limitations period of the foreign state was longer than Delaware's limitations period). The borrowing statute was enacted to prevent forum shopping by plaintiffs to the *most favorable forum*, meaning to prevent out-of-state litigants from filing cases in Delaware to obtain a more lengthy limitations period. *See Saudi Basic Indus. Corp*, 866 A.2d at 16–17.

---

[2] Even if Delaware law was applied, the results would be the same, as discussed in the briefs filed in response to motions to dismiss brought by the trusts in C.A. No.: 12-314-RGA and C.A. No.: 12-315-RGA.

C.      **Florida Law Does Not Permit Recovery of Premiums on Illegal STOLI Policies**

Florida law is absolutely clear: STOLI policies, lacking insurable interest, are prohibited wagering contracts and are void *ab initio*.   *See* FLA. STAT. ANN. § 627.404 (West); *TTSI Irrevocable Trust v. ReliaStar Life Ins. Co.*, 60 So. 3d 1148, 1150 (Fla. Dist. Ct. App. 2011) ("Where the owner of an insurance policy lacks an insurable interest in the life of the insured, the policy is void *ab initio* because it is considered a 'wagering contract' and contrary to public policy."); *Principal Life Ins. Co. v. Mosberg*, 09-22341-CIV, 2010 WL 2509634 (S.D. Fla. June 18, 2010) (finding that STOLI policy lacked insurable interest); *see also Life Ins. Co. of Ga. v. Lopez,* 443 So.2d 947, 950 (Fla.1983) ("In Florida, public policy demands that the beneficiary of an insurance policy covering either life or property have an insurable interest in the life or property insured); *Knott v. State ex rel. Guar. Income Life Ins. Co.,* 186 So. 788, 789 (Fla. 1939) ("[I]t has been uniformly held that a contract of insurance upon a life in which the insurer has no interest is a pure wager, that gives the insurer a sinister counter-interest in having the life come to an end."); *Aetna Ins. Co. v. King,* 265 So.2d 716, 718 (Fla. 1st DCA 1972) ("The public policy of this state renders an insurance policy invalid when the insured has no insurable interest in the property or the risk insured on the grounds that same constitutes a wagering contract."); *Atkinson v. Wal–Mart Stores, Inc.,* No. 8:08–CV–691–T–30TBM, 2009 WL 1458020, at *3 (M.D. Fla. May 26, 2009) ("Florida courts have long held that insurable interest is necessary to the validity of an insurance contract and, if it is lacking, the policy is considered a wagering contract and void *ab initio* as against public policy.").

Florida law is equally clear that, where a policy is declared void *ab initio* for lack of insurable interest, the court may leave the parties as it finds them, which means, that premiums are not returned to the policy owner.  *TTSI Irrevocable Trust*, 60 So.3d at 1150-1051.  The court

in *TTSI Irrevocable Trust*, having determined that the policy lacked an insurable interest, was faced with the question of whether the policy owner was entitled to a refund of premiums paid. The court addressed arguments by the policy owner that a return of premium was required to effect rescission. The court distinguished cases relied upon by the owner, noting that

> Rescission is an equitable remedy where the primary obligation is to undo the original transaction and restore the former status of the parties. Moreover, rescission is an elective remedy and the party may, but is not obligated to, exercise its right to rescind the transaction.
>
> By contrast, the present case does not involve a voidable contract. Rather, neither party could elect to give effect to the policy at issue because it was void at the outset. Furthermore, as a general rule, contracts that are void as contrary to public policy will not be enforced by the courts and the parties will be left as the court found them. We see no reason to depart from the general rule where, as in the instant case, the party seeking to enforce the contract is the only party who engaged in deceptive and misleading conduct at the time the contract was entered into.

*Id.* (citations omitted); *Pruco Life Ins. Co. v. Brasner ("Pruco I")*, No. 10-80804-CIV, 2011 WL 134056, at *7–8 (S.D. Fla. Jan. 7, 2011) (declining to dismiss request to retain premiums after noting that courts had permitted insurers to seek to retain premiums where a policy is void *ab initio*); *see also* Memorandum Opinion and Order, *Penn Mutual Life Ins. Co. v. GreatBanc Trust Company et al.*, No. 09-C-06366, (N.D. Ill. June 8, 2012) (finding that a STOLI contract, being based on illegal subject matter, is void *ab initio*, cannot be enforced, and requires the court to leave the parties in their current positions) (attached hereto as Exhibit C); *Sec. Mut. Life Ins. Co. v. 1151 Little*, 178 S.W. 418 (Ark. 1915) (where party enters into unlawful contracts for insurance policies on the lives of persons on which it had no insurable interest, contracts are unenforceable and party is not entitled to recover amounts previously paid to insurer).

After initially declining to dismiss the request to retain premiums, the Southern District of Florida subsequently flushed out its analysis of Florida insurable interest law when Pruco

moved for summary judgment that the policies in question were void for lack of insurable interest (*Pruco II*).  *See* Order Granting Plaintiff's Motion for Summary Judgment, *Pruco Life Ins. Co. v. Brasner*, No. 10-80804-CIV (S.D. Fla. Nov. 14, 2011) (attached hereto as Exhibit D). In *Pruco II*, the court granted summary judgment in Pruco's favor, finding as a matter of law that no insurable interest existed and the policy amounted to an impermissible wagering contract.  *Id.* at *20.  Relying on the same analysis set forth in *TTSI Irrevocable Trust*, the court held that, since the policy "was neither procured nor transferred in good faith, but was instead procured with the intention that it would be assigned or otherwise transferred to a person or entity with no insurable interest," it amounted to an illegal wagering contract and was void *ab initio* for violation of Florida public policy.  *Id.* As such, having found that the Policy was void *ab initio*, the court followed the rule set forth in *TTSI*, and left the parties as it found them, meaning that Pruco was permitted to retain premiums.  *Id.* at * 26-27.  Notably, the court rejected the argument set forth by the defendant, who was a subsequent purchaser, that it should receive a return of premiums because the fraud had been committed by the original policy owner.  *Id.* at *27.  In doing so, the *Pruco II* court noted that this did not change the fact that Florida law simply did not require a return of premiums for a policy that lacked an insurable interest.[3]

As the Policy is governed by Florida law, which expressly permits the relief sought by Phoenix—retention of all or part of the premiums paid—the Trust's Motion must be denied.

---

[3]  Additionally, in *PHL Variable Insurance Co. v. The Edwin Fuld Life Insurance Trust November 2007*, the court denied a motion to strike Phoenix's request to retain premiums or offset damages against premiums returned.  *See* Order Denying Motion to Strike, at *1–2, No. 3:09-cv-1222-J-34JRK (M.D. Fla. Aug. 10, 2010) (attached hereto as Exhibit E). The court, in denying the defendant's motion, concluding that to not allow an insurer to pursue premium retention would allow STOLI schemes to be conducted risk free and "would be inconsistent with the public policy underlying the prohibition against STOLI schemes in the first place."  *Id*. at *6.

**D.      Phoenix's Claim Is Timely Filed Under Delaware Law.**

    **1.      An Action for a Declaratory Judgment Based on Lack of Insurable Interest Is Not Subject to a Limitations Period.**

Phoenix's Complaint seeks a declaratory judgment that the Policy is void *ab initio* for lack of insurable interest and as a wagering contract.  Phoenix also seeks a declaration related to the disposition of premiums under the Policy, seeking to either retain all of the premiums, or a portion of the premiums as an offset in light of the damages Phoenix has suffered.  These are inherently equitable remedies.  There is no statute of limitations for an action directed at assessing the legality of a contract.  *See, e.g., Lukenbach S.S. Co. v. United States*, 312 F.2d 545, 548–59 (2d Cir. 1963) (action seeking declaration of non-liability not barred by the statute of limitations).  The Trust attempts to shoehorn Phoenix's request for a declaration that a policy is void *ab initio* due to the illegal nature of the contract into an action seeking to rescind a contract due to fraud in the inducement.  Under Florida law, a policy that lacks insurable interest is void, not voidable.  *See TTSI Irrevocable Trust*, 60 So.3d at 1150.  Moreover, the Delaware Supreme Court recently emphasized the distinction between void and voidable contracts.

> As with all contracts, fraud in the inducement renders a life insurance policy voidable at the election of the innocent party.  Certain agreements, however, are so egregiously flawed that they are void at the outset. These arrangements are often referred to as void *ab initio,* Latin for "from the beginning." A court may never enforce agreements void *ab initio,* no matter what the intentions of the parties. . . . Under Delaware common law, contracts that offend public policy or harm the public are deemed void as opposed to voidable.

*PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059, 1067 (Del. 2011). Phoenix seeks a declaration that the Policy is void *ab initio*.  While Phoenix does make allegations sounding in fraud, and while the Trust's fraud may prove highly relevant to the Court's fashioning of an equitable remedy, Phoenix is not seeking rescission based on fraud in the inducement, and the statute of limitations is inapplicable.

**2.      Even If the Court Applies Delaware's Three-Year Limitations Period, Phoenix's Claim Was Filed Within the Limitations Period.**

The Trust argues that Phoenix's Complaint sounds in fraud and that the declaratory judgment is time-barred by the application of the three-year limitations period for fraud and misrepresentation. *See* DEL. CODE ANN. tit. 10, § 8106. While it is true that the limitations period generally begins to run at the time of the wrongful act even if the plaintiff is unaware of the wrong, the claim may be tolled by the doctrines of fraudulent concealment, inherently unknowably injury, or equitable tolling. *EBS Litig., LLC v. Barclays Global Investors, N.A.*, 304 F.3d 302, 305 (3d Cir. 2002); *Krahmer v. Christie's, Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006), *aff'd*, 925 A.2d 504 (Del. 2007).

To toll the statute of limitations under the doctrine of fraudulent concealment, the plaintiff must simply allege facts that would allow the court to conclude that the defendant fraudulently concealed facts that would have put the plaintiff on notice of the truth. *Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 255, 269 (D. Del. 2009); *Krahmer*, 911 A.2d at 407. In analyzing whether a plaintiff has alleged facts sufficient to satisfy this standard, courts have not held plaintiffs to the high threshold advocated by the Trust. *See Lincoln Nat'l Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 563 (D. Del. 2010) (concluding that the plaintiff pled sufficient facts to toll the statute of limitations because of the inference that premium payment by a strange investor concealed the true nature of a STOLI policy); *Smith v. Mattia*, Civ. No. 4498-VCN, 2010 WL 412030, at *5 (Del. Ch. Feb. 1, 2010) (tolling the statute of limitations when homebuyers alleged that a construction company's misrepresentations fraudulently induced them to approve draws on a construction loan that were never applied to the construction of their home).

Here, Phoenix's Complaint clearly complies with the guidelines set forth in *Snyder*. Specifically, Phoenix alleges that Mr. Fuld did not pay the premiums on the Policy and that "the Trust falsely represented that Mr. Fuld and the Trust would be the source of funds used to pay premiums in order to disguise the fact that the premiums would be paid by a third-party investor who lacked an insurable interest in Mr. Fuld's life." (*Compl.* ¶¶ 26, 35.) Receipt of premiums "not from the purported source" allows the court to infer that stranger–investors concealed the true STOLI nature of this Policy. *See Snyder*, 722 F. Supp. 2d at 563. Thus, Phoenix has properly alleged facts supporting a finding that the statute of limitations was tolled.[4] Even accepting that Phoenix filed an action on December 11, 2009 to rescind a separate policy insuring Mr. Fuld and was as of that date on notice of the fraud, this does not establish that the statute of limitations has run, as the present action was filed well within three years of that date. As such, the Motion should be denied.

## V.      CONCLUSION

For the foregoing reasons, Plaintiff PHL Variable Life Insurance Company respectfully requests that the Court deny the Trust's motion to dismiss and direct the Trust to answer Plaintiff's Complaint.

---

[4] Although Phoenix contends that the Court need not reach the question of whether Phoenix has properly alleged a tolling of the statute of limitations, should the Court reach this question and determine Phoenix has failed to do so, Phoenix respectfully requests it be granted leave to amend its Complaint to expressly invoke a tolling of the statute of limitations.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Richard D. Heins (I.D. #3000)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
rheins@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel*:

Thomas F.A. Hetherington
Jarrett E. Ganer
EDISON, McDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580

Dated:  July 6, 2012