IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE EDWIN FULD LIFE INSURANCE TRUST, ) <br> by and through its Trustee, ) <br> WILMINGTON SAVINGS FUND SOCIETY, FSB, ) <br> ) <br> Defendant. ) <br> _____) | C.A. No. 12-313-RGA |

**DEFENDANT THE EDWIN FULD LIFE INSURANCE TRUST'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

*Of Counsel:*

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000

John E. James (No. 996)
David E. Moore (No. 3983)
John A. Sensing (No. 5232)
POTTER ANDERSON & CORROON LLP
Hercules Plaza - 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
jjames@potteranderson.com
dmoore@potteranderson.com
jsensing@potteranderson.com

*Attorneys for Defendant
The Edwin Fuld Life Insurance Trust*

Dated: August 6, 2012
1069894/39055

Case 1:12-cv-00313-RGA   Document 15   Filed 08/06/12   Page 2 of 15 PageID #: 200


## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................3

    I.     DELAWARE'S STATUTE OF LIMITATIONS BARS PHL'S REQUEST FOR RELIEF, AND STATE SUBSTANTIVE LAW IS IRRELEVANT TO THE FULD TRUST'S MOTION ..........................................4

    II.    THE STATUTE OF LIMITATIONS APPLIES AND BARS PHL'S CLAIM ..................................................................................................................6

    III.   PHL HAS NOT PLED TOLLING, AND THE PUBLIC RECORD BELIES ANY CLAIM OF TOLLING .........................................................................7

CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Dean Witter P'ship Litig,*
   1998 WL 442456 (Del. Ch. July 17, 1998) ..................................................................8

*In re USACafes, L.P. Litig.,*
   1993 WL 18769 (Del. Ch. Jan. 21, 1993) ....................................................................8

*Krahmer v. Christie's, Inc.,*
   911 A.2d 399 (Del. Ch. 2006),
   aff'd, 925 A.2d 504 (Del. 2007) ............................................................................3, 7, 8

*Lincoln Nat'l Life Ins. Co. v. Snyder,*
   722 F. Supp. 2d 546 (D. Del. 2010) .....................................................................5, 8, 9

*Luckenbach Steamship Co. v. United States,*
   312 F.2d 545 (2d Cir. 1963) ........................................................................................6

*Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust,*
   774 F. Supp. 2d 674 (D. Del. 2011) .............................................................................5

*Pruco Line Ins. Co. v. Brasner,*
   2011 WL 134056 (S.D. Fla. Jan. 7, 2011) ...................................................................5

*Puig v. Seminole Night Club, LLC,*
   2011 WL 3275948 (Del. Ch. Jul. 29, 2011) ............................................................3, 7

*Solow v. Aspect Res., LLC,*
   2004 WL 2694916 (Del. Ch. Oct. 19, 2004) ...........................................................3, 7

*Sun Life Assurance Co. of Canada v. Berck,*
   719 F. Supp. 2d 410 (D. Del. 2010) ............................................................................5

*West Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Trust,*
   No. 09-CIV-81049 (S.D. Fla. Jan. 8, 2010) ................................................................5

*Winstar Holdings, LLC v. The Blackstone Group, LP,*
   435 B.R. 33 (Bankr. D. Del. 2010) .........................................................................3, 7

**STATUTES AND OTHER AUTHORITIES**

10 *Del. C.* § 8106 ..............................................................................................................1, 3

## INTRODUCTION

The Fuld Trust's motion to dismiss was narrowly focused and based solely on a specific procedural bar to certain relief sought by PHL. PHL's Complaint alleges that fraud was committed and requests that it be permitted to keep premiums paid for the Policy as damages for such fraud. However, PHL's Complaint *admits* that the alleged fraud occurred more than five years before it belatedly filed its Complaint, and Delaware's statute of limitations for fraud, 10 *Del. C.* § 8106, is only three years.[1] As such, based on PHL's own allegations, PHL's request for damages for fraud is time-barred, and the Fuld Trust appropriately sought to have that requested relief dismissed.

Hoping to sidestep the clear procedural bar to the fraud damages it seeks, PHL attempts to distract the Court with a series of red herrings. But PHL cannot avoid the two indisputable facts which dictate that the Fuld Trust's motion be granted: (1) the statute of limitations for claims sounding in fraud is three years; and (2) PHL is seeking damages for fraud two years too late.

PHL first attempts to obfuscate the relevant issue, upon which the Fuld Trust moved, by arguing that Florida *substantive law*, which it claims is controlling, allows PHL to keep premiums if the Policy is found to be void. But the Fuld Trust did *not* move against PHL's requested relief on the basis that it was foreclosed on substantive grounds. Instead, the Fuld Trust sought to dismiss PHL's requested relief on procedural grounds: namely, that such relief is barred by Delaware's statute of limitations. Thus, the only question before the Court is whether Delaware's statute of limitations allows PHL to seek damages (through the retention of

---

[1] Notably, PHL does not allege that the current trustee of the Fuld Trust, or the Fuld Trust's current beneficiary, committed fraud or played a role in any of the alleged misrepresentations. Rather, PHL is attempting to recover damages (by way of keeping premiums) based on alleged misrepresentations by the insured, Mr. Fuld, and the prior trustee of the Fuld Trust, Mr. Wilcox.

premiums) based on alleged fraudulent conduct at this late juncture. The clear answer is that it does not.

Next, PHL argues that the statute of limitations for fraud does not apply at all or, if it does, that the statute of limitations should be tolled for PHL due to purported fraudulent concealment. Neither of these contentions has merit.

PHL claims that the statute of limitations does not apply to a claim that a contract is void. But the Fuld Trust did *not* seek dismissal of PHL's claim to have the Policy declared void. Instead, it simply seeks to have PHL's request to retain premiums as damages for fraud be dismissed. PHL specifically alleged that it was entitled to keep premiums as damages for alleged fraud which occurred more than five years ago, but the statute of limitations for fraud is three years. The statute thus bars its claim for relief based on fraud.

Nor should PHL be permitted to avoid the statute of limitations based on its "tolling" argument. It was PHL who had the burden of pleading tolling and facts supporting such tolling. It did not. Instead, PHL asks the Court to bend over backwards to construe its Complaint as somehow alleging tolling. Doing so would be completely unjustified given the circumstances.

As set forth in the Fuld Trust's moving brief, records publicly filed by PHL show that it knew of the alleged fraud *at least two years* before bringing this action, when it filed a similar action to void another policy on Mr. Fuld's life (the "Florida Fuld action"). Remarkably, PHL's Complaint failed to even mention the Florida Fuld action, much less explain why it waited another two years before bringing this action. Then, even after being confronted with the fact that it has long had knowledge of the alleged fraud, PHL again failed in its opposition brief to offer any explanation for why it did not bring this action sooner. This silence from PHL is deafening.

2

Tolling based on fraudulent concealment requires proof that the defendant acted in such a way that it prevented the plaintiff of learning of the alleged fraud. Yet, PHL's own publicly filed documents show that it *did* discover the alleged fraud years ago. The Court should not interpret PHL's Complaint as alleging that the Fuld Trust somehow prevented PHL from discovering the alleged fraud, such that tolling might be possible, given that PHL: (1) failed to allege such fraudulent concealment; (2) indisputably discovered the alleged fraud years ago, thus destroying any claim of concealment; and (3) hid the fact that it has long known of the alleged fraud from the Court in its Complaint and continues to ignore that fact even when confronted with its own pleadings from the Florida Fuld action.

## ARGUMENT

PHL alleged a claim sounding in fraud in its Complaint. Specifically, PHL alleged that it should be permitted to retain some or all of the premiums paid for the Policy as damages for fraud which was allegedly committed in the application process. Indeed, PHL explicitly states in its Complaint that it is entitled to damages (Complaint at WHEREFORE clause (c)) and that the purported basis for such relief is that it has allegedly "suffered damages ***as a result of the Trust's misrepresentation and fraud***" (Complaint at ¶ 32, emphasis added).

PHL admits in its Complaint that the alleged fraud was committed in December 2006 – more than *five years* before it brought its Complaint. (Complaint at ¶¶ 17, 21, and 23). However, Delaware's statute of limitations for claims sounding in fraud is three years. 10 *Del. C.* § 8106; *Krahmer v. Christie's, Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006), *aff'd*, 925 A.2d 504 (Del. 2007); *Winstar Holdings, LLC v. The Blackstone Group, LP*, 435 B.R. 33, 34 (Bankr. D. Del. 2010); *Puig v. Seminole Night Club, LLC*, 2011 WL 3275948, at * 4 (Del. Ch. Jul. 29, 2011); *Solow v. Aspect Res., LLC*, 2004 WL 2694916, at *3 (Del. Ch. Oct. 19, 2004). Therefore,

3

based on its own pleading, PHL's request for damages based on fraud is barred by the statute of limitations.

Desperate to avoid Delaware's statute of limitations, PHL attempts to obfuscate the clear law dictating that its request for damages for fraud be dismissed. As demonstrated below, however, PHL's efforts to avoid the statute of limitations all fail, and PHL's request for damages for fraud should be dismissed.

## I. DELAWARE'S STATUTE OF LIMITATIONS BARS PHL'S REQUEST FOR RELIEF, AND STATE SUBSTANTIVE LAW IS IRRELEVANT TO THE FULD TRUST'S MOTION

PHL first attempts to defeat the Fuld Trust's motion by arguing that Florida substantive law permits the relief it seeks. (PHL Br. at 6-9). This argument misses the point. The Fuld Trust did not seek in its motion a ruling that PHL's requested relief fails as a *substantive* matter. Rather, the Fuld Trust's motion is based on the fact that there is a *procedural* bar – the statute of limitations – to PHL receiving damages for fraud. As PHL concedes, under Delaware's choice-of-law rules, whether an action is time-barred is determined based on Delaware's statute of limitations. (PHL Br. at 6). Here, that means that Delaware's statute of limitations applies to the question of whether PHL's fraud-based relief is barred. PHL's reliance on Florida substantive law is thus misplaced, as such law is entirely irrelevant to resolution of the Fuld Trust's motion.

PHL's attempt to distract the Court with Florida law should also be disregarded for two additional reasons. First, it is premature (as well as unnecessary given the narrow procedural issue raised in the motion to dismiss) for the Court to decide what state's substantive law applies to this dispute. PHL claims that Florida law applies, but neglects to inform the Court that it has alleged in another action that Mr. Fuld was not actually a Florida resident, but instead a New York resident. (*See* Ex. 1: Second Amended Complaint in Florida Fuld action at fn 1). Given that the insured under the Policy is, according to PHL, a New York resident, and that the Trustee

4

– from whom PHL receives premium payments – is located in Delaware, it is not clear at this juncture whether New York, Delaware or Florida law will ultimately apply to this action. Recognizing that what state's substantive law will apply is not clear at this point, the Fuld Trust focused its motion to dismiss solely on a procedural issue governed by Delaware law. PHL's attempt to obfuscate that clear issue with premature substantive choice of law issues should properly be disregarded.

Second, PHL's claim that Florida law permits insurers to retain premiums when a policy is found void for lack of insurable interest is based on "cherry picked" authority. One Florida federal court has ruled, consistent with Delaware law,[2] that an insurer *cannot* seek to have a policy declared void for lack of insurable interest and keep the premiums. *West Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Trust*, No. 09-CIV-81049 at 15 (S.D. Fla. Jan. 8, 2010) (striking request to retain premiums where insurer sought to have policy declared void for lack of insurable interest and fraud) (attached hereto as Ex. 2). Moreover, the primary case relied upon by PHL for the proposition that Florida law does not require a return of premiums, *Pruco Line Ins. Co. v. Brasner*, 2011 WL 134056, at *7-8 (S.D. Fla. Jan. 7, 2011), was recently vacated upon reconsideration. *See* Ex. 3. In that case, the Judge has now decided that whether or not the insurer is required to return premiums is an issue of fact for the jury, and that the fact that the insurer had long been aware of problems regarding the policy yet continued accepting premiums (as PHL did in this case) could support a jury finding that premiums must be returned. It is

---

[2] *See Sun Life Assurance Co. of Canada v. Berck*, 719 F. Supp. 2d 410, 418-19 (D. Del. 2010); *Lincoln Nat'l Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 564-65 (D. Del. 2010); *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 774 F. Supp. 2d 674, 682 (D. Del. 2011); *PHL Variable Insurance Company v. The Chong Son Pak Life Insurance Trust*, C.A. No. 12-CV-00314, (D. Del. Mar. 15, 2012)(D.I. 20): Order (attached hereto as Ex. 4); *The Virginia L. Lankow Life Insurance Trust*, C.A. No. 12-CV-00315, (D. Del. Mar. 15, 2012) (D.I. 16): Order (attached hereto as Ex. 5).

premature to decide which state's substantive law will ultimately apply to this case and, even if Florida law did apply, its substantive law regarding premium returns is far from settled.

The Fuld Trust did not move based on substantive law and there is thus no need to delve into which state's law controls or how the applicable state's law should be applied. Instead, the Fuld Trust's motion can and should be decided based on a clear procedural bar to a specific form of relief sought by PHL. Delaware's statute of limitations does not allow claims seeking relief based on fraud to be made after three years, which is precisely what PHL's request to retain premiums for damages caused by fraud improperly seeks to do.

## II. THE STATUTE OF LIMITATIONS APPLIES AND BARS PHL'S CLAIM

PHL next tries to avoid having its claim dismissed by arguing that the statute of limitations is inapplicable. (PHL Br. at 10-11). Specifically, PHL asserts that claims based on the "legality" of contracts are not subject to any statute of limitations. This argument again misses the point. The Fuld Trust has *not* sought to dismiss PHL's claim that the Policy is void. Rather, the Fuld Trust's motion to dismiss is directed solely at PHL's request to keep premiums as damages for fraud.[3]

As even the lone (non-Delaware) case PHL cites in support of its argument notes, whether a statute of limitations applies to a claim for declaratory relief depends on whether the statute of limitations applies to the claim underlying the particular request for declaratory relief. *Luckenbach Steamship Co. v. United States*, 312 F.2d 545, 548 (2d Cir. 1963). Here, PHL's Complaint unambiguously states that PHL should be entitled to retain premiums to offset

---

[3] The Fuld Trust does not agree that PHL's claim to void the Policy is not subject to any statute of limitations. Indeed, PHL notably cites no Delaware authority in support of such a proposition, and instead relies on a single Second Circuit case. However, the Fuld Trust has not moved for dismissal of PHL's entire action, just its claimed entitlement to damages for fraud, at this early stage in the litigation.

6

damages *because of fraud.* Thus, Delaware's statute of limitations for fraud-based claims applies to that requested relief. Because the statute of limitations for fraud in Delaware is three years, and the fraud alleged by PHL occurred over five years before it brought its Complaint, PHL's claim that it can retain premiums for damages based on alleged fraud is barred by the statute of limitations. *See, e.g., Krahmer*, 911 A.2d at 407; *Winstar Holdings, LLC*, 435 B.R. at 34; *Puig*, 2011 WL 3275948, at *4; *Solow*, 2004 WL 2694916, at *3.

As discussed in the Fuld Trust's opening brief, absent tolling, the statute of limitations begins to run from the date the alleged fraud was committed. (*See* Opening Br. at 14). That rule makes perfect sense here. The alleged misrepresentations by Mr. Fuld and Mr. Wilcox appeared on the face of the insurance application and could have easily been checked with basic due diligence, such as requesting copies of Mr. Fuld's tax returns and financial records. Indeed, PHL offers no reason why whatever basic inquiries it later used to "discover" the alleged fraud could not have been performed when underwriting the Policy in the first instance.

PHL correctly notes that motions to dismiss based on statutes of limitations should only be granted when it is clear from the Complaint itself that the claim is time barred. Yet PHL does not, and cannot, explain how its fraud-based claim does not fall squarely within the category of claims which should be dismissed under this standard. The fraud alleged by PHL, *based on its own allegations*, occurred more than three years before it filed its Complaint. Thus, based on its own allegations, PHL's fraud-based request for relief is barred by the statute of limitations.

### III. PHL HAS NOT PLED TOLLING, AND THE PUBLIC RECORD BELIES ANY CLAIM OF TOLLING

Finally, PHL argues that even if the statute of limitations applies (as it clearly does), the statute should be tolled based on fraudulent concealment. (PHL Br. at 10-11). But PHL did *not* plead that the statute of limitations was tolled due to fraudulent concealment. Nor did it plead

7

facts upon which the Court could find tolling applicable. It was PHL's burden to plead such facts and, having failed to do so, PHL's claims must now be dismissed. *See, e.g., In re Dean Witter P'ship Litig*, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998) ("As the party asserting that tolling applies, plaintiffs bear the burden of pleading specific facts to demonstrate that the statute of limitations was in fact tolled."); *In re USACafes, L.P. Litig.*, 1993 WL 18769, at *3 (Del. Ch. Jan. 21, 1993) ("where, as here, plaintiffs' pleading shows on its face that if the applicable statute were applied, the claim asserted would be time-barred, then it is plaintiffs' burden to plead facts which could support a conclusion that, in the circumstances, the running of the statute would be tolled.").

Relying on *Lincoln Nat'l Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 563-564 (D. Del. 2010) ("*Snyder*"), PHL argues that it has sufficiently pled facts such that tolling for fraudulent concealment could apply and that dismissal should therefore be avoided. In making this argument, PHL completely ignores the elephant in the room – documents publicly filed by PHL (which it avoided informing the Court of in its Complaint) make clear that PHL has known of the alleged fraud for *at least two years*. It would make no sense for this Court to construe PHL's Complaint as alleging tolling when the public record, of which the Court can take judicial notice, is directly contrary to how PHL now asks the Court to interpret its Complaint.

To establish a basis for tolling, the plaintiff must show that the defendant "knowingly acted to prevent [the] plaintiff from learning facts or otherwise made misrepresentations intended to 'put [] plaintiff off the trail of inquiry.'" *Krahmer*, 911 A.2d at 407. "Mere silence is insufficient to establish fraudulent concealment. Rather, the evidence must show that the defendant engaged in some sort of 'actual artifice' to toll the running of the limitations period." *Id.* In other words, to establish tolling, PHL would need to prove that the Fuld Trust took

8

affirmative steps which prevented PHL from discovering the alleged fraud in time to bring its action within the limitations period. PHL did not plead such facts, and instead asks the Court to infer such facts from its Complaint's more general allegations. The problem for PHL is that it is asking the Court to read facts into its Complaint which are *directly contrary* to the public record.

In *Snyder*, the Court decided not to dismiss based on the statute of limitations at the pleading stage because it believed that the insurer's allegations that premiums were funded through a trust by "stranger investors" could be construed to mean that these actions concealed the alleged fraud and "denied [the insurer] the opportunity to timely discover the alleged wrongs." *Snyder*, 722 F. Supp. 2d at 563-564. Here, however, PHL alleged approximately two years ago in another case that it *had discovered* that Mr. Fuld allegedly did not pay premiums on policies issued on his life and that they were instead paid by investors. (*See* Ex. 1 at ¶ 28: "Fuld and the Trust knew that Fuld would not be the funding source for the Policy premiums, but falsely represented that Fuld would be the source of funds used to pay the premiums..."). Therefore, in this case, construing PHL's Complaint in the way that the *Snyder* complaint was construed would be contrary to facts admitted by PHL.

PHL did not simply overlook the need to apply tolling. Rather, it plainly recognized that it could not plead tolling in good faith. In its Complaint, PHL merely alleges that "upon investigation" it discovered the alleged fraud – without explaining when it made such discovery or why it could not have made such discovery earlier. (Complaint at ¶ 24). Then, even after its public filings in the Florida Fuld action were brought to the Court's attention, PHL has persisted in making vague statements about having "discovered" the alleged fraud, without any explanation of when it made such discovery and why it did not act sooner in bringing its claims based on such fraud.

As demonstrated in the Fuld Trust's moving brief, the reason that PHL did not allege facts supporting tolling is because it *cannot* make such allegations in good faith. Indeed, if PHL were to allege that it only recently discovered the alleged fraud and thus could not have brought this action within the statute of limitations such factual allegation would be sanctionable. That is because PHL made *the exact same* allegations of fraud years ago (*see* Moving Brief at 15-17), thus demonstrating that it was aware of the alleged fraud and was not prevented by any actions of the Fuld Trust from discovering the alleged fraud. On December 11, 2009, PHL sued to void a different policy on Mr. Fuld's life and announced that it had "discovered" that Mr. Fuld and the trustee of that trust (the same initial trustee of the Fuld Trust) had misrepresented Mr. Fuld's finances, his purpose for obtaining insurance, and the source of funding for the policy in that case. (*See* Ex. 6 at ¶ 13). It made these allegations more than two years before bringing the present case. Then, on September 10, 2010, PHL amended its complaint in the Florida Fuld action, alleging additional misrepresentations and alleging that the policy was void as a purported STOLI policy. (*See* Ex. 1). PHL made these allegations a year and a half before bringing this case. Thus, PHL, based on its own public filings, has known about the alleged fraud committed by Mr. Fuld and Mr. Wilcox for several years. That is why it, and its attorneys, did not, and could not in good faith, allege that PHL was prevented by the Fuld Trust from discovering the alleged fraud.

Unable to allege tolling in good faith, PHL nevertheless brazenly asks the Court to infer tolling. But how can (and why should) the Court interpret PHL's Complaint as alleging that PHL was prevented by the Fuld Trust from discovering the alleged fraud, when PHL's attorneys, mindful of their Rule 11 obligations, studiously avoided making any such allegations, and when the Court has before it public filings which directly contradict such allegations? There is simply

no reason to bend over backwards to construe PHL's Complaint as alleging tolling based on fraudulent concealment when PHL's Complaint made no such allegation and ignored the earlier *Fuld* action, and given the public records which make clear that PHL has been aware of the alleged fraud for well over two years, at a minimum. Indeed, interpreting the Complaint to allege that PHL was unable to discover the alleged fraud until recently would be directly contrary to the actual facts, which PHL did not disclose to the Court.

PHL's request that it be permitted to retain premiums as damages for fraud is barred by Delaware's statute of limitations, which has not been tolled, and this relief requested by PHL should therefore be dismissed.

## CONCLUSION

For the reasons set forth herein and in its opening brief, the Fuld Trust respectfully requests that Plaintiff PHL's request to retain premiums as damages in the event the Policy is declared void be dismissed as barred by Delaware's statute of limitations.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*Of Counsel*:

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000

By: /s/ John E. James
    John E. James (No. 996)
    David E. Moore (No. 3983)
    John A. Sensing (No. 5232)
    Hercules Plaza - 6th Floor
    1313 North Market Street
    Wilmington, DE 19801
    Telephone: (302) 984-6000
    jjames@potteranderson.com
    dmoore@potteranderson.com
    jsensing@potteranderson.com

Dated: August 6, 2012
1069894/39055

*Attorneys for Defendant*
*The Edwin Fuld Life Insurance Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, John E. James, hereby certify that on August 6, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

>Richard D. Heins
>Tiffany Geyer Lydon
>ASHBY & GEDDES
>500 Delaware Avenue – 8th Floor
>Wilmington, DE 19801
>Telephone: (302) 654-1888
>E-Mail: rheins@ashby-geddes.com
>tlydon@ashby-geddes.com
>
>*Attorneys for Plaintiff*
>*PHL Variable Insurance Company*

/s/ *John E. James*
John E. James (No. 996)
David E. Moore (No. 3983)
John A. Sensing (No. 5232)
POTTER ANDERSON & CORROON LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
E-Mail: jjames@potteranderson.com
dmoore@potteranderson.com
jsensing@potteranderson.com